No. 61,735

In the Matter of CHARLES W. SAUER, *Respondent.*

(753 P.2d 1285)

Opinion filed April 29, 1988.

*Bruce E. Miller,* disciplinary administrator, appeared for the petitioner.

There was no appearance by respondent.

*Per Curiam*: This original action in discipline was filed by the office of the Disciplinary Administrator against Charles W. Sauer, of Overland Park, an attorney admitted to the practice of law in Kansas. A panel of the Kansas Board for Discipline of Attorneys heard the complaint, found violations had occurred, and recommended respondent be disciplined by suspension from the practice of law. Respondent has made no appearance in this proceeding and has filed no exceptions to the panel's report.

The panel's findings of fact are as follows:

"1. Respondent is an attorney at law. His Kansas Attorney Registration Number is 10206. His last registration address with the Clerk of the Appellate Courts of Kansas is 8686 West 96th Street, Suite 210, Overland Park, Kansas, 66212.

"2. In late September of 1986, Complainant Evelyn K. Stuckey retained Respondent to obtain a change of name for her son, Randy, who resided in Panama. Respondent requested a $400.00 retainer be given to him before he would provide any legal services. Respondent informed Mrs. Stuckey that the name change would take approximately 6 to 8 weeks to obtain.

"3. On October 2, 1986, Mrs. Stuckey mailed her check in the amount of $400.00 to Respondent for legal services. The check was endorsed by Respondent and deposited in Franklin Savings Association on October 9, 1986. Mrs. Stuckey also provided Respondent with her son's Social Security number and a copy of her son's birth certificate as Respondent had requested.

"4. Beginning in late October of 1986 and throughout the months of November and December of 1986, Mrs. Stuckey made numerous attempts to contact Respondent by telephone in order to learn of the status of her case. Respondent did not return the telephone calls.

"5. In January of 1987, Mrs. Stuckey visited Respondent's law office without an appointment. She met with Respondent briefly in the hall outside of his office. Respondent advised her he would have the name change accomplished in one week. He told her he had been busy with other clients and would be in touch with her.

"6. Mrs. Stuckey did not hear from Respondent as he had indicated. She wrote him a letter in February, 1987 and requested the return of her advance of

$400.00. She stated she intended to hire new counsel since Respondent was too busy to handle the name change.

"7. Respondent did not respond to Mrs. Stuckey's letter. Thereafter, Mrs. Stuckey telephoned Respondent's office but was unable to speak with him. She spoke with Respondent's secretary in order to see if Respondent had received her letter. Respondent never returned Mrs. Stuckey's call.

"8. Respondent has never returned Mrs. Stuckey's money. He has taken no action on the change of name for Mrs. Stuckey's son.

"9. James P. Cashin, attorney at law, was appointed by Charles S. Schnider to investigate the charges against Respondent.

"10. Respondent failed to return Mr. Cashin's numerous telephone calls or to respond to correspondence from Mr. Cashin regarding the complaint."

Based on these findings, the panel concluded there was clear and convincing evidence that respondent had violated: (1) DR 6-101(A)(3) (1987 Kan. Ct. R. Annot. 143) by neglecting a legal matter entrusted to him; and (2) Rule 207 (1987 Kan. Ct. R. Annot. 105) by failing to cooperate with the disciplinary administrator in the investigation of the complaint herein. The panel then recommended that respondent be disciplined by suspension from the practice of law pursuant to Rule 203(a)(2) (1987 Kan. Ct. R. Annot. 102).

After carefully considering the record in this case, the court concurs with the recommendation made by the Board.

It Is Therefore Ordered that Charles W. Sauer be and he is hereby indefinitely suspended from the practice of law in the State of Kansas.

It Is Further Ordered that Charles W. Sauer shall forthwith comply with the provisions of Rule 218 (1987 Kan. Ct. R. Annot. 116).

It Is Further Ordered that this order shall be published in the official Kansas Reports and that the costs of this action be assessed to the respondent.

Effective this 29th day of April, 1988.