No. 62,625

In the Matter of CHARLES W. SAUER, *Respondent.*
(765 P.2d 703)

Opinion filed December 9, 1988.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause for petitioner.

There was no appearance by respondent.

*Per Curiam:* This is an original proceeding in discipline. It was filed by Bruce E. Miller, Disciplinary Administrator, against Charles W. Sauer, an attorney of Overland Park, Kansas, who has heretofore been admitted to practice law in this state. The matter was regularly heard by a panel of the Kansas Board for Discipline of Attorneys. Respondent, though regularly notified of the hearing, did not appear before the panel either in person or by counsel. After hearing the evidence, the panel recommended disbarment.

Charles W. Sauer was the subject of a disciplinary proceeding heard by this court earlier this year, *In re Sauer,* 243 Kan. 157, 753 P.2d 1285 (1988). The facts found by the panel and adopted by the court in that case were that Sauer had undertaken some legal work for a client, accepted a $400 retainer, performed no services, failed to return the client's telephone calls or letters, failed to return the $400 retainer, and failed to respond to telephone calls and letters from an attorney who was appointed to investigate the client's complaint. The panel recommended indefinite suspension and this court concurred. On April 29, 1988, Charles W. Sauer was indefinitely suspended from the practice of law.

The facts in this proceeding parallel those of the earlier disciplinary matter. On October 7, 1986, Sauer accepted a retainer of $500 from a client, Jeannie L. Boyle, to represent David Ninci in a dispute between Mr. Ninci and his employer. Sauer failed to render any professional services for Mr. Ninci; failed to respond to inquiries by Ninci and Boyle; failed to return the $500 retainer despite numerous attempts to secure its return; failed to respond to letters and telephone calls from J. Bradley Short, an attorney appointed by the Johnson County Bar Association to investigate

this matter; and, further, failed to cooperate with the office of the Disciplinary Administrator. The panel found that Sauer has abandoned his law practice, his clients, and the legal profession. The panel recommended disbarment.

Respondent did not file exceptions to the panel report. He has not appeared in this court, either in person or by counsel. Based upon the record before us, we agree with and adopt the panel's conclusions and recommendation.

IT IS THEREFORE ORDERED that Charles W. Sauer be and he is hereby disbarred from the practice of law in this state.

. IT IS FURTHER ORDERED that Charles W. Sauer shall forthwith comply with the provisions of Rule 218 (1988 Kan. Ct. R. Annot. 134).

IT. IS FURTHER ORDERED that the costs of this proceeding be assessed to the respondent, and that this order be published in the official Kansas Reports.